■ In the Matter of the Claim of Bibi S. Walli, Appellant. Commissioner of Labor, Respondent. [713 NYS2d 232] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 23, 1999, which, *inter alia*, ruled that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

Claimant was discharged from her employment as cardiac

technician after an acrimonious telephone call to her manager complaining about her receipt of a written warning for failure to follow proper call-in procedures. In the course of the conversation, claimant threatened to sue the manager and the employer. Claimant had previously been warned about unprofessional and insubordinate behavior. The Unemployment Insurance Appeal Board ultimately ruled that claimant was disqualified from receiving unemployment insurance benefits on the ground that she was terminated for misconduct.

We affirm. The record contains substantial evidence to support the Board's ruling that claimant was guilty of disqualifying misconduct. The proof indicates that she was insubordinate and verbally abusive to her manager (*see, Matter of Marquez [New York City Dept. of Personnel—Commissioner of Labor]*, 263 AD2d 926; *Matter of Cuevas [Sweeney]*, 246 AD2d 718). Although claimant asserts that she was being harassed by the employer and denies speaking to her manager in a loud or abusive fashion, the contrary testimony presented a credibility issue for the Board to resolve (*see, Matter of Bradley [Commissioner of Labor]*, 249 AD2d 649). Finally, while claimant maintains that all disputes have been settled between her and the employer, the existence of such an agreement would not preclude the Board from determining the factual basis for claimant's discharge (*see, Matter of Caplan [Sweeney]*, 238 AD2d 660).

Cardona, P. J., Crew III, Peters, Spain and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.